Saccheri v Cathedral Props. Corp. (2019 NY Slip Op 08434)





Saccheri v Cathedral Props. Corp.


2019 NY Slip Op 08434


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-03901
 (Index No. 20017/07)

[*1]Leonard Saccheri, etc., respondent, 
v
Cathedral Properties Corp., et al., defendants, Cathedral Court Associates, L.P., et al., appellants.


Rosenberg Fortuna & Laitman, LLP, Garden City, NY (David I. Rosenberg and Anthony R. Filosa of counsel), for appellants.
Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Paul R. McDougal and John R. Yetman of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful eviction, the defendants Cathedral Court Associates, L.P., Old Court Realty Corp., and Jacques Blinbaum appeal from stated portions of an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered April 18, 2016. The order, inter alia, denied the motion of those defendants, in effect, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them or, in the alternative, for summary judgment dismissing the amended complaint insofar as asserted against them, and pursuant to CPLR 3025(b) for leave to amend their answer, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on so much of the amended complaint as alleged that Leonard Saccheri was wrongfully evicted from the subject premises based on the doctrine of collateral estoppel.
ORDERED that the appeal is dismissed, without costs or disbursements.
The appeal must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal are brought up for review and have been considered on the appeal from the judgment, decided herewith (Cathedral Properties Corp. v Cathedral Court Associates, L.P., ___ AD3d ___; see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court